IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hisrael Sanchez,<br><br>                Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>                Defendants. | No. CV-14-01302-PHX-DJH (ESW)<br><br>**REPORT AND RECOMMENDATION** |

       This matter is before the Court on its own review. The Order filed on May 8, 2015 (Doc. 23) dismissed without prejudice Defendant Cardenas. Upon further reflection, the undersigned vacates the Order (Doc. 23) and issues this Report and Recommendation pursuant to Rule 72(b) of the Federal Rules of Procedure and 28 U.S.C. § 636(b)(1)(B) and (C).

       Plaintiff Hisrael Sanchez is confined in the Arizona State Prison Complex-Lewis/Buckley Unit in Buckeye, Arizona. On June 11, 2014, Plaintiff filed a pro se civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In its September 15, 2014 screening order (Doc. 10), the Court dismissed without prejudice Defendant Arizona Department of Corrections for failure to state a claim. The Court, however, ordered Defendant Vargas, Cortez, and Cardenas to respond to the Complaint. Defendants Vargas and Cortez agreed to waive service of the Complaint (Docs. 17 and 18). On December 12, 2014, Defendants Cortez and Vargas filed their Answer (Doc. 19).

1    Regarding Defendant Cardenas, a Process Receipt and Return (Doc. 22) was filed
2 on April 17, 2015 indicating that the U.S. Marshals Service was unable to complete
3 service on Defendant Cardenas. The Process Receipt and Return indicated that
4 Defendant Cardenas is no longer with the Arizona Department of Corrections. (Doc. 22
5 at 2).
6    On April 20, 2015, the Court filed an Order (Doc. 21) directing Plaintiff to show
7 cause why Defendant Cardenas should not be dismissed without prejudice from this
8 action for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure
9 and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure. Plaintiff failed to
10 respond to the Court's Order to Show Cause (Doc. 21).
11    Dismissal of a party is appropriate where a plaintiff fails to show good cause for
12 delays in service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (upholding
13 district court's dismissal of a defendant where prisoner failed to show good cause for
14 delay in service), *overruled on other grounds* by *Sandin v. Conner,* 515 U.S. 472 (1995).
15 Yet even "if good cause is not established, the district court may extend time for service
16 upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198
17 (9th Cir. 2009). Determination of whether a party's neglect is excusable is "at bottom an
18 equitable one, taking account all relevant circumstances surrounding the party's
19 omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).
20 Relevant factors to consider include: (i) the danger of prejudice to the opposing party;
21 (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for
22 the delay; and (iv) whether the movant acted in good faith. *Id*.; *Briones v. Riviera Hotel
23 & Casino*, 116 F.3d 379 (9th Cir. 1997) (recognizing that the four enumerated factors in
24 *Pioneer* are not exclusive).
25    After consideration of the above factors, the undersigned does not find excusable
26 neglect. First, there is danger of prejudice to Defendant Cardenas. Defendant Cardenas,
27 if eventually served, would be brought into litigation that has been pending for
28 approximately one year and is subject to the deadlines set forth in the Court's Scheduling

1 Order (Doc. 20) filed on April 20, 2015.  Second, over two months have passed since
2 service on Defendant Cardenas was returned unexecuted on April 17, 2015 (Doc. 22).
3 Third, Plaintiff has undertaken no known action to attempt to complete service on
4 Defendant Cardenas after the initial effort was unsuccessful.  Finally, Plaintiff has failed
5 to respond to the Court's Order to Show Cause (Doc. 21).

6 Accordingly,

7 **IT IS RECOMMENDED** that Defendant Cardenas be **DISMISSED WITHOUT**
8 **PREJUDICE** for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil
9 Procedure and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure.

10 This recommendation is not an order that is immediately appealable to the Ninth
11 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
12 of Appellate Procedure, should not be filed until entry of the district court's judgment.

13 However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen
14 days from the date of service of a copy of this recommendation within which to file
15 specific written objections with the Court.  Thereafter, the parties have fourteen days
16 within which to file a response to the objections.  Failure to file timely objections to any
17 factual determinations of the Magistrate Judge may be considered a waiver of a party's
18 right to appellate review of the findings of fact in an order or judgment entered pursuant
19 to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d
20 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

21 Dated this 26th day of June, 2015.

_____
Eileen S. Willett
United States Magistrate Judge